[Civ. No. 2258.  First Appellate District.—December 10, 1917.]

JOHNSON SERVICE COMPANY (a Corporation), Appellant, v. LATOURRETTE–FICAL COMPANY (a Corporation), et al., Respondents.

CONTRACT—BALANCE DUE FOR WORK — PARTY ENTITLED — EVIDENCE — SUPPORT OF FINDINGS.—In this action involving the rights of conflicting claimants to the balance due for work in furnishing and installing a temperature regulation apparatus, it is held that the findings are supported by the evidence, which in turn support the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and an order denying a new trial.   E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

Houghton & Houghton, for Appellant.

John C. March, and De Ligne & Jones, for Respondents.

LENNON, P. J.—This is an appeal by plaintiff from the judgment and the order denying its motion for a new trial.

The plaintiff, Johnson Service Company, furnished and installed what is known as the Johnson system of temperature regulation in the county courthouse at Sacramento. The original defendant, Latourrette-Fical Company, held a contract to furnish and install the heating system of the courthouse, including the temperature regulation apparatus, and became obligated to pay the sum of six thousand six hundred dollars for the labor and work so furnished. It was admitted by all persons concerned in the litigation that three thousand seven hundred dollars of the six thousand six hundred dollars had been paid and that there was a balance of two thousand nine hundred dollars due at the time plaintiff brought this action against the Latourrette-Fical Company to recover the latter amount. The defendant answered admitting its obligation, but averred that the Scott, Lyman & Stack Company claimed to be entitled to the money. Therefore it deposited the disputed moneys in court and interpleaded the Scott Company. Upon trial of the action the plaintiff

claimed to have furnished the work for Latourrette-Fical Company under and in pursuance of an alleged contract with it, while the Scott Company claimed to have furnished the work under and in pursuance of a contract entered into between the Latourrette-Fical Company and R. B. Lindsay, the Pacific Coast manager of plaintiff's business at the time, which contract was transferred and assigned to the Scott Company by Lindsay. The Scott Company further claimed that while the work was actually done by plaintiff, it was done by it as the subcontractor and agent of the Scott Company.

The court below found that plaintiff furnished the labor and material under and in pursuance of a contract entered into between plaintiff, Johnson Service Company, and the defendant, Scott, Lyman & Stack Company, and that the latter furnished the same labor and material, through plaintiff as its subcontractor, to the Latourrette-Fical Company under and in pursuance of the contract originally entered into between the Latourrette-Fical Company and R. B. Lindsay, which was thereafter transferred and assigned to the Scott Company, and that the Scott Company was entitled to the moneys in dispute less five hundred dollars, of which it was admitted $50 was due and $450 would become due from the Scott Company to plaintiff when the former should receive its money for the work.

Plaintiff's main attack upon the judgment appealed from is based on the alleged insufficiency of the evidence to sustain the findings, and some sixteen assignments of insufficiency are designated in support of this contention. In response to these various objections it will suffice for us to say that we have read the record and find ample evidence to support the findings, which in turn support the judgment.

Upon the oral argument of the case in this court it was conceded by counsel for plaintiff that the attack made in the opening briefs upon the findings of the court because of an alleged irregularity in their preparation and entry was not well taken, and therefore we will not now discuss that point.

The judgment and order are affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 7, 1918.